People v Dill (2020 NY Slip Op 00455)





People v Dill


2020 NY Slip Op 00455


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

109838

[*1]The People of the State of New York, Respondent,
v
Mark G. Dill, Appellant.

Calendar Date: January 3, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered July 6, 2017, convicting defendant upon his plea of guilty of the crime of manslaughter in the second degree.
Defendant fatally stabbed a man during a fight outside a bar. As a result, he was charged in an indictment with manslaughter in the first degree, manslaughter in the second degree and criminal possession of a weapon in the third degree. In satisfaction of the indictment, he pleaded guilty to manslaughter in the second degree and was required to waive his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to 3 to 9 years in prison. He appeals.
Initially, defendant contends that his wavier of the right to appeal is invalid and does not preclude him from challenging the severity of the sentence. Based upon our review of the record, we disagree. The record discloses that County Court engaged in a very detailed recitation of the trial-related rights, as well as possible defenses, that defendant was forfeiting by pleading guilty. After so advising defendant, the court proceeded to explain the waiver of the right to appeal and, while not specifically using the terms "separate and distinct," this meaning was evident from the context of the court's discussion. Next, the court had defendant review with counsel the detailed written waiver, which included language that the "right to appeal is separate from those rights automatically forfeited upon a plea of guilty" and encompassed issues relating to, among other things, the sentence. Defendant then signed the comprehensive written waiver in open court and indicated that he understood its ramifications. Under these circumstances, we find that defendant's combined oral and written appeal waiver was knowingly, voluntarily and intelligently entered (see People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]; People v Womack, 172 AD3d 1819, 1820-1821 [2019], lv denied 33 NY3d 1110 [2019]). Therefore, he is precluded from challenging the severity of the sentence (see People v Weis, 171 AD3d 1403, 1404 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.